[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 11378
This is an action in two counts brought by the plaintiff against the defendant for expenses and financial losses which he allegedly sustained as a result of the purchase and sale of a used automobile.
The First Count alleges negligence on the part of the defendant and the Fourth Count alleges fraud. Count Two and Count Three are no longer viable claims.
The court conducted a trial of the issues and both the plaintiff and defendant testified at trial.
Having heard the evidence and testimony, the court makes the following findings and orders.
Both parties have experience in the repair, licensing and sale of automobiles. The plaintiff contracted with the defendant to purchase a used car which the defendant represented had been acquired by him after it was found abandoned. The agreed purchase price paid by the plaintiff to the defendant was $3200.00.
The plaintiff then spent additional sums of money to repair and restore the car and invested time and labor to make it fit for resale. The money and time invested in the car is set forth in Plaintiff's Exhibit B.
The plaintiff then sold the car for $5500.00 to a relative who attempted to register it in the Commonwealth of Massachusetts at which time it was determined that the car was a stolen vehicle and it could not be registered.
The unrefuted testimony is that the sale was voided and the plaintiff paid the buyer $2,000.00 "has repayment for `92 Pontiac G.P. recovered by State of Ct. as stolen" (See Plaintiff's Ex. E). The full $5500.00 purchase price was subsequently refunded to a third party who had paid it on behalf of the buyer.
As to the First Count, the evidence and testimony permits the court to find that the defendant was negligent in not following the prescribed steps — some of them being statutory requirements — to ascertain the title history of the vehicle. That negligence was particularly evident regarding the defendant's duty to identify and, if possible, to rectify any defects in title — including the type of defect evident in the instant case. His failure to do so resulted in the negation of the plaintiff's contract to sell the vehicle to a third party CT Page 11379 and caused the plaintiff's losses and damages. They include the plaintiff's purchase cost, the costs of parts and labor which the plaintiff subsequently invested in the vehicle (Plaintiff's Exhibit B). Despite the fact that the plaintiff made a $2,000.00 repayment to the potential buyer (Plaintiff's Exhibit B), the court finds that such payment was a gratuitous payment for reasons not established by the evidence in view of the plaintiff's testimony that he subsequently reimbursed a third party the total sales price of $5500.00.
For the foregoing reasons, the court orders that judgment enter for the plaintiff and against the defendant on the First Count in the amount of $6,222.35 plus taxable costs.
As to the Second Count, the court finds that the plaintiff has failed to establish by a fair preponderance of the evidence that the defendant knowingly and willingly engaged in conduct designed to defraud the plaintiff or to fraudulently induce him into purchasing the automobile. For that reason judgment is entered for the defendant and against the plaintiff on the Second Count.
By the Court
Joseph W. Doherty, Judge